## Jennings v. Tioga County.

*David Cameron*, for plaintiff; *Crichton & Owlett*, for defendant.

Marsh, J., Feb. 19, 1929.—The question raised by the case stated for the opinion of the court is this: Is Tioga County authorized, under the Act of May 13, 1925, P. L. 676, to pay $75 toward the funeral expenses of the widow of a soldier who remarried after the soldier's death, but who outlived her second husband?

Section 3 of the act invoked directs the county commissioners "to pay $75 towards the funeral expenses of any widow of any person who served in the army and navy of the United States" in any war, provided the total expenses of such funeral, including said allowance, shall not exceed $400.

The expense of the funeral in this case was $200; George Jennings was a soldier of the United States in the Civil War, and the only question to be determined is whether at the time of her death the decedent was the widow of George Jennings within the contemplation of the Pennsylvania statute.

It is only where the authority of a statute is clear that the commissioners may pay out the county funds. In other words, it must be certain that at the time of her death Margaret Jennings Spencer was, under the law, the widow of George Jennings. Unquestionably, when she married J. C. Spencer, she lost her status as the widow of George Jennings; and when Mr. Spencer died, she was entitled, as his widow, to her exemption and to all the rights of a widow in his estate. Under the laws of this State, she was recognized as the widow of her second husband, and this recognition was unaffected by the Federal statute restoring her pension. Was she, because of the restoration of her pension, potentially and legally the widow of both?

In the absence of an authoritative decision, we cannot sustain such an anomalous duality. If the legislature desires to follow the just benevolence of the general government, it should adopt that government's policy, and say so explicitly by an appropriate statute.

And now, Feb. 19, 1929, judgment is entered for the defendant.

From G. Mason Owlett, Wellsboro, Pa.